May it please the court, good morning. My name is Evan Greenberg. I represent the petitioner Sammy Page. I do understand I need to watch my own clock and I intend to reserve two minutes of my time for rebuttal this morning. I'll begin by addressing the jurisdictional issue that this court flagged last week. The order sort of framed the issue as whether this court had jurisdiction based on the question of which district Mr. Page filed his petition in. We contend this court has jurisdiction to review the Rule 60 denial from the Northern District of California. The order also seems to hint at... But does that, forgive me for interrupting, but does that mean you think that the Northern District of California had, or that the district court had jurisdiction? Yes. Yes it did. And that's sort of the related question is whether the district court had jurisdiction. Mr. Page is in pre-trial custody as he has been. 2241. Pardon me? It's a 2241 petition. It's a 2241 petition. And this court cited the Supreme Court's Brayden decision. In Brayden, the state inmate was being held in one district and wanted to challenge pre-trial proceedings that were ongoing in a second district. And Brayden held that he could file the 2241 petition in the second district even though he was not being held there. And that's... I think that's the opposite of what Brayden held. They said he had to be where he was in custody, right? For a 2241. No, Your Honor. I disagree. He was being held in one state and wanted to challenge proceedings ongoing in Kentucky. Oh, I'm sorry. I'm sorry. I was talking about Hernandez. I'm sorry. You're right. You're right. Okay. Yes. Because the agency theory is what you're getting at. Yes. And Mr. Page is really challenging the proceedings ongoing in Alameda County based on the order holding him in custody from 2006 from the Alameda County Superior Court and the conduct of the Alameda County District Attorney's Office. So could I interrupt you again? Because it is procedurally a little unique, right? So we're talking about a person who's been criminally convicted, but that sentence has been fully served and now he's being held pursuant to this order. There's the first civil commitment and now there's another order. I'll call it a pre-trial order that he's being held pending trial in the civil matter, right? Correct. Is the reason that he's confined in a different part of the state a nature of, is that a function of the fact that he's been deemed an SVP? It is, Your Honor. The... So could I just get a little bit better education? I don't mean to keep interrupting you, but your time's ticking away and I want to not disadvantage you that way. I'm guessing, but I don't know that there are a limited number of facilities where these folks are housed. Is that right? There's only, there's only with very limited exceptions, there's only one. It's the Coalinga State Hospital. The Sexually Violent Predator Act mandates that they go there, except in exceptional circumstances, the California Auditor's Report that we submitted. And that's in the Eastern District, right? It is in the Eastern District. It did note that there's, for example, one woman being held in a different facility. Okay. But he's in the Eastern District? He is. Okay. So, so am I right then, then wherever these, let's say a different, just a hypothetical person who's been convicted of crimes that I'll just summarize as, as serial, serious sexual assaults. Okay. And those are prosecuted all over the state of, of California. And then, as I understand this scheme, then at the conclusion of those, the state may or may not move for this designation of sexually violent predator. And those actions, those subsequent civil actions could happen anywhere in the state of California. Yes? That's my understanding. All right. And then those folks would all go to, I mean, if they're men, all go to the same hospital in the same district, right? Correct. All right. So under, and if, if they're seeking the kind of relief your client is seeking under 2241, and it seems to me that what you're describing is a situation where the judges and the attorneys and the folks who are familiar with the criminal cases, out of which these civil actions sprang, will be all over the state, and yet all of the 2241s are going to be heard by one district court. Un, perhaps unfamiliar with, with the history of the case, but nevertheless, that's what you're describing? Well, not exactly, because we're, we're saying that the 2241, if it's challenging the ongoing civil commitment proceedings, as in, not once it's been deemed a, an SVP and then moved to Coalinga based on that judgment, for, for, to challenge proceedings before that ultimate determination, they can file the 2241 based on where those proceedings are ongoing. I'm just curious, and following up on what Judge Christens has asked, in relation to the state civil commitment proceedings, if he would have challenged his commitment in a state setting, under the state rules or laws, would, would proper jurisdiction or venue lie in either, where he's in custody or where the demanding court? Well, I think he would be in Alameda County Superior Court, because that's where, that's where his current proceedings are still ongoing. So, he has an active case in Alameda County, and that's why . . . And to what extent does that, in any way, affect our federal jurisdiction or venue? Well, I, I, I think the, the other point that your question raises is, is it, is, regardless of whether the district court had jurisdiction, this court still exercises appellate jurisdiction to review the order from the district court. But we can only have appellate jurisdiction if there was jurisdiction in the district court, right? I disagree with that. And what is your support for that? Hernandez, which is the other case that this court cited last week, that was, this court's finding in Hernandez was that the Central District of California lacked jurisdiction to decide the habeas petition. There was a question of whether it was a 2241 petition or a 22 . . . But in that case, the court didn't really go very far. It said that the error was in not determining whether or not it was a 2255 or a 2241, and it sent it back. It sent it back for, for . . . Yes, it sent it back with instructions for the court to determine whether, what type of petition it was. But if it was a 2241, it had to be where he was in custody. Didn't the court say that? That's the one I thought we were talking about earlier. They did say that. The, the one difference that is important there is that Hernandez said that 2241 petitions generally are to challenge the manner of execution of a criminal judgment. You know, the location of your housing, the type of housing you're in, custody credits, those kinds of things. Whereas, Mr. Page is not bringing that kind of petition. He's bringing the kind of petition, 2241, that's more in line with what happened in Braden. The other case of . . . Have you looked at the Padilla case from the Supreme Court? Padilla v. Rumsfeld. No, I didn't. Our order didn't refer . . . and it wasn't intended to be a trick question. Our order didn't refer to it. But it, but it might be one that we'll need to talk about or even request supplemental briefing on. Your time is ticking away, and, and to make sure that the opposing counsel is not prejudiced, do you want to skip jurisdiction now and, and do you want to talk about the merits and the time you have left? We're going to give you a little more time on the clock, but . . . Okay, thank you. Sure. Mr. Page has been held in pretrial detention since 2006 based on an order that he should be held until trial. And since that time, the Alameda County Superior Court and the Alameda County District Attorney's Office have not taken any step to move this to trial. They seem uninterested in doing so, particularly the Alameda County District Attorney's Office . . . Right. And, and, and so we're really familiar with the facts and your time is ticking. So, the District Court relied on Younger, right? And, and in, in doing so, implicitly made a finding that there's an ongoing state proceeding. It did. And we think that that was an incorrect finding. And also that the District Court did not really assess whether the, the proceeding was ongoing. That's sort of the basis of the argument that the District Court abused its discretion. Is that your . . . Couldn't you say that the District Court relied upon the fact that even though you said nothing occurred since the initial filing, there was an amendment to have his commitment indeterminate, right? I'm sorry, I didn't catch the . . . Wasn't, wasn't there a change in the original petition from a particular, like, one or two year term of commitment to an indefinite term of commitment? Isn't that ongoing, to some extent? Well, there . . . So, his two year commitment expired in 2006 and the Alameda County DA then petitioned for a new two year commitment term. That was never ruled on. And then, while that was pending, the state changed it, made it indefinite. But before his term really becomes indefinite, somebody, somebody needs to adjudicate that petition to indefinitely commit him. Is there any case law talking about this, about, we all know why Younger does what it does. It's this very strong principle about the federal government, basically the federal court, staying out of an ongoing state court proceeding. And your argument is, your client's implicit argument is that he's been held and the trial's been continued over time after time after time after time. Is there case law that goes to that, where the ongoing proceeding for purposes of Younger is deemed to be not actually, in fact, ongoing? Well, I do see that I'm running very low on time. I'd like to reserve the rest. But I'll just briefly say that the withdrawn Knight opinion did accept that argument and hold that Younger would apply. Of course, that opinion is now withdrawn. So, is there anything other than Knight? That's what I should have asked. There's the one case that we cite in our brief. I'll get the name and during a rebuttal argument I'll address that, if that's all right. I have one more question. Sure. You're arguing now, for purposes of Younger, that there really is no ongoing state proceeding, which I actually think is a very strong argument. But I think in your jurisdictional argument you were arguing the opposite? Well, I should say it's an active proceeding going on in the Alameda County Superior Court in that it's still pending and that every few months the court puts it on calendar before kicking the can down the road a little further. But we would say it's not ongoing such that the federal courts should let it continue. So, it's not ongoing for purposes of Younger. It is an active proceeding. All right. Before you leave the podium, do you have a trial date? Does your client have a trial date? A trial date? A hearing date for the civil commitment? I am not aware that he, I do not believe he has a trial date. I'm not aware of what happened at the very most recent setting. Judge Lamel, anything further? No, thank you. Thank you, counsel. Good morning. Good morning. If you may please the court, I'll talk about jurisdiction first. I don't think Brayden helps us here. And Rumsfeld v. Padilla, I think, is actually the most instructive, particularly, well, I'm going to rely a lot on the concurrence there. But in Brayden, he was being held in one state on, let's say, Alabama. He was being held in Alabama on Alabama's conviction. The Kentucky court had a detainer on him for something unrelated. Right. And the point that they It's really different for that reason, though, counsel. That's why we're trying to get at this. We've been all over Brayden and Hernandez and Kentucky v. Padilla. But could you focus a little bit for me on, I think it's uncontested, this is a 2-2-4-1. Yes. That's certainly how it's styled. Yes. What about the fact that it's this odd animal where he's filed, he's named the correct respondent, hasn't he? Yes. All right. But he actually filed the papers in the wrong district, according to Padilla, anyway. He didn't file where he is being detained. I believe this was filed in the wrong district. However Is it your view of the world that all of these statewide would be handled in the same district where the one hospital happens to be? Is that the right result in this case? Only pre-trial. Because after trial Oh, 2-2-4-1s, sure. They're all going to be 2-2-4-1s if they're pre-trial. If they're pre-trial, right. And then after trial, it's 2254. So does that necessarily, this may not matter, but does that necessarily mean that the district court that's going to be handling these will be the district court that doesn't have any familiarity with these cases? And they're by definition prisoners with long histories, right? That's the way I read the case law in terms of being in the district of custody. What prevents us from transferring the case to the correct district court? Well, Justice Kennedy in his concurrence says that he believes that the language in 2241 that says, you know, within their respective jurisdictions creates a territorial restriction, but he doesn't believe it goes to the power of the district to hear it. And he says, goes on to say that he thinks it's more like venue or personal jurisdiction that can be waived. And that's our position. Now, we weren't in the district court. We didn't appear there. But for the sake of efficiency and for what it's worth, we waived jurisdiction just to move this along. To proceed in this court, forgive me, to proceed here or to transfer? I just want to be sure what it is you're agreeing to. Well, good question. What I meant was retro, non-protonically waived jurisdiction for the proceeding as it was in district court and then here. So you're saying we have jurisdiction right now? You're not saying this has to be in the Eastern District? Because you waive personal jurisdiction. Yes, our position is it was filed in the wrong court, but that we would waive it in this instance. And if the court, and by the way, Mr. Page— Well, frankly, there's no solid authority on that. Justice Kennedy says we don't need to decide that today. So I take from that that it is an open question. But that's why I think it seems to be very significant that unlike the Padilla case, I think it's undisputed he's named the right respondent, right? Yes. This isn't a situation where he named the Secretary of Defense, and we have to go through that whole analysis. He's named the correct respondent. He literally filed the paperwork in the wrong courthouse, right? Yes. I think I interrupted Judge Friedman. I'm just surprised, actually, to hear that you think you've waived this or that you're admitting that you waived this. I wasn't expecting you to say that. Well, I don't know that I'm losing anything by kicking it back to the Eastern, starting over again. I mean, in fact, we won even though we weren't there. So it's more for the sake of efficiency. And by the way, Mr. Page has another proceeding virtually identical to this one proceeding in the Northern District as well, which . . . So another proceeding . . . that raises two points. Does he have a trial date? No. And why not? For six years. I'd like to know why this date has taken so long. At the August 7th setting date, his counsel requested that the matter be put over to the next setting date of January 8th. Why? What was the reason given? I don't know that there was a stated reason. I don't have the minutes of that. And from what I've seen of the minutes that were submitted, there never is a reason put down on the minutes. That's certainly how the record looks to us. It's just put over and put over and put . . . But it's been years, counsel. But my impression was that it was the state that was requesting delays in most circumstances. Is that not the case? Never. There's been one instance in which there was a request for additional time. Now, this isn't in the record. I'm telling you something that admittedly isn't in the record. But this has been litigated or is being litigated in the district court in the identical proceeding right now. Counsel, when you say this, what's this? Is it his status as a sexually violent predator or is it the notion that . . . is it the 2241 that's being litigated? The 2241. Identical claims. He's got a separate 2241 claim? Yes. It's virtually identical to this. What's the case number, please? 13-5352. I have a motion to dismiss pending in that case. Okay. And where is it? Where is . . . In the northern district before Judge Alsup. He filed an identical 2241, another one before Judge Alsup? Yes. And are you arguing . . . are you asserting lack of jurisdiction there or no? No. I was waiting to see what happened here before I told him what I thought. I mean, what I think is, again, that it was filed in the wrong court, but I believe it can be waived. And in future instances, I might move to change it. But this case particularly is so far along that for the sake of efficiency, I would waive it there and now. If it's not waivable, is it transferable? From here to the eastern? Mm-hmm. If it's not waivable, I believe it has to be. And you wouldn't object? Well, no. I think it has to be under the law as it is, that the 2241 has to be in the District of Custody, despite the inefficiencies that may arise, as you point out. Could we turn to the merits? And the merits question, again, I don't want to railroad your time, but you just have so few minutes here. I'm very concerned about Younger and the notion that there was an ongoing proceeding, about that implied finding, given the very extensive nature of the delay. Would you like to address that, please? Well, yes. Granted, there was nothing about that in the order, but I don't think it was – I think it was ongoing, or – It can't be ongoing forever, though, counsel. The idea is that the state lets the – forgive me. At what point is it not – it just can't be ongoing forever. I agree. But – and let me, if I can, talk about Knight, even though I know it's been withdrawn. All right. Because there's Knight, and then Brayden is the only other case, which I don't think it even cites Younger, but there's an – they allow a pretrial complaint of – and I have to distinguish speedy trial from – as an affirmative defense, from speedy trial to I want a trial date. There has never been such a claim. But if you look to Knight and Younger, I've seen this sort of thing happen. They're both saying, I want a trial. I'm not raising it as an affirmative defense. In fact, he can't. Under this Court's – I cited Brown v. Ahearn. He can't raise it as an affirmative defense. But that's exactly what he's raising now. He's not claiming delay. He wants an affirmative defense of this is fraud. Stop this proceeding. Nobody's – No, no. And he's saying, look, nobody's adjudicating this, and I'm just – here – I'm still sitting here. That's what he's saying. He's represented by counsel, who – Not the initial petition. Beg your pardon? Not the initial petition. So we have to read it, you know, with some generosity. I'm sorry. I didn't say – I'm sorry. He's not represented by counsel. What I meant to say is he's extremely prolific. Well, it may be prolific, but that doesn't mean he's necessarily using the right words. But anybody can look at this record and say, this looks really peculiar. But my point is, he's prolific enough to challenge his attorney to say, I want a trial. He has never said that. Well, his briefs here are saying that, right? His briefs here are saying that through counsel. But in the – Right. But actually – In the state – in the state civil commitment proceedings, was there formal objections or motions by his counsel to the continuances or for a trial in the state court record? No. Admittedly, this is off the record, but – or not in our record, I mean. That's what I'm asking. They've been affirmatively requested by the defense. But when they were continued, other than this federal 2251 challenge, in the state court proceedings, was – were the continuances objected to? By the district attorney? No. By the petitioner, by Mr. Page, in the state court proceedings. No, Your Honor. They were affirmatively requested by him. I seem like – When you say affirmatively requested, a trial date or – Well, the way the process works, as I've been told, is they have these setting dates, and they basically kick it to the next setting date. And that setting date is to set for trial, but this last August 7th date was a setting date. But they kicked it to the next setting date, and that's what's been happening all along. But they're telling us that his counsel is asking for delays at the same time that his counsel here is saying we want a hearing, that there's – they're taking opposite strategies. Is that what you're telling us? Well – Or – I don't know that the claim on the merits here, I will say, is that – that Mr. Page wants a trial. I – and Mr. Page raised – Mr. Page was pro se in district court and raised claims of fraud and so forth, wanted to stop – wanted to stop the proceedings. He didn't – Well, he wanted to be let out, right? So it's clear in his petition he wants to be let out. But I think construing it charitably, given that he's pro se, you could also read it as saying, and I want a hearing about this. And the I want a hearing about this seems to be quite a valid claim if it's not his fault that it's taken seven years or eight years. But I can't tell what you're telling us about what – why it has taken so long. It seems – The reasons for the requests to continue or put over, I don't know. I – and I will tell you, in the district court, Judge Alsup ordered me to get declarations from the district attorney and from the defense attorney. The defense attorney declined, and this is in the record of the district court. Declarations that spoke to this issue? Yes. It wanted to basically lay out the reasons for every single continuance, why, when, what for, and what do you intend to do in the future. The defense attorney declined to give me one citing the attorney-client privilege. It's clear that Judge Alsup was concerned about this as well, to be fair. And I have to note this chronology, because I'd like to give you an opportunity to respond. On May 11, 2012, the Superior Court granted Mr. Page's motions for a new probable cause hearing and a new mental health evaluation. And then just about four months later, in October, the district court dismissed the federal petition on younger grounds, because the state proceedings were ongoing. That's my editorializing. He would have had to find that the state proceedings were ongoing to dismiss it on younger grounds. And indeed, there was this new probable cause hearing scheduled. But then in April of 2014, the Superior Court set aside its prior grant of a probable cause hearing. And that would be news to Judge Alsup, I think. He would not have had a way to know that. And so now here we sit in the fall of 2015, and this just goes on and on.  But Judge Alsup, you see, at the time he ruled on younger grounds that the state proceedings were ongoing, there was a new probable cause hearing that had been set on. And then after he ruled, a little more than a year and a half after he ruled, that was vacated. So he thought there was going to be a hearing soon. And so it seems he implicitly found that there were ongoing proceedings, but those proceedings still haven't happened. Well, a probable cause hearing is kind of like a preliminary hearing. That's not a trial. No, I understand it's not a trial. But it's at least an ongoing proceeding. It's moving. And I certainly understand that it's not a trial. But even that hearing hasn't happened, right? No, it was vacated. It didn't need to happen. He had one originally. Then some state case law from a court of appeal came out and went into the, this came into the mix and said, you're going to need to have a new probable cause hearing. That was re-litigated, and they decided, well, the Cal Supreme Court adjusted it. And so they ultimately decided, no, the original probable cause hearing should go. Right. It's just a very different picture. At the time Judge Alsup was ruling on this motion to dismiss, he had a very different picture about the extent to which the state proceeding was, in fact, ongoing. And I just, that's how it looks to us from the cold record. And, you know, we're a long ways away from the case, so I wanted to give you an opportunity to respond. Well, I think that's what we're looking at, is what he was looking at. And also, as I said, the ... But then why wouldn't we look at, on the 60B6 motion, to say, wait a minute, this isn't really ongoing? It may have looked that way at the time, but this is new information. This is different. Circumstances change since his ruling, and the question becomes, what are the present circumstances? What's his status? I know the record is cold. It doesn't tell us that. But we're looking, as you say, what he had before him, his expectation of a pending proceeding, which has subsequently been dismissed. Judge also wasn't informed of any of this. He has to go with what the briefs tell him. Right. He wasn't informed of any of this. And frankly, a nine-month span between his original order, I don't think that's enough to say, well, it's stalled, it's not ongoing anymore. You know the status now? Beg your pardon? Do you know the status of the civil commitment proceedings now? The status is that it's been put over to January 8th of 2016. For? For the next setting date. What does that mean? That's a setting date, not a trial date. That's a scheduling date? That's correct. Right. All right. Anything further? All right. So is it your position that he can just keep getting held without there ever being a trial? I mean, I just don't understand how this can still be going on. No, and I agree. Our point is really that he shouldn't be able to capitalize on continued requests for continuances and then come into this court or the district court and say, there's too much delay here. And that's because you think he's the one doing the requesting? Yes. But you only, I think you told us that you only know that for one instance. I think. Maybe I misunderstood you. No, every instance. Every instance. Oh, I thought you said you didn't know for many of them. I'm sorry. There was one instance in which the district attorney said, I want time to file a new motion. Every other instance. Now, as I say, just to be fair, this is not in this record. But your representation, to be clear, is that every instance for a continuance was requested by Mr. Page's counsel is save one. Yes. And was that one to file that interminate commitment proceeding amendment? I'm sorry, say that again? Was that the one to amend the original petition? I believe so. I believe there was a request to file an amended petition. Whether that implicated a continuance, I don't, but I do recall that. Right. Right. So whose burden should it be to show why the delay occurred? I mean, did you file anything before Judge Alsup explaining that the delays were because of his requests? I filed a declaration from the district attorney. I'm sorry, the assistant district attorney, setting forth his recollection and going from his notes of going through each continuance. Is that in our record, in our ER? No, Your Honor. That's in the proceeding in the district court. Judge Alsup, do you have a citation to the record? Oh, in the, I'm sorry, I'm sorry. That's quite all right. I think I was interrupted. Why don't you go ahead and finish? I just am wondering, when you say that's in the record in the district court, do you mean the other case in the district court? Yes. Because you told us now there are two. Yes. Yes. So it's not in the record in this case? No. But we could find that declaration if we look at the record in that other case? Yes. One last point about this going on forever. Our point is if he really has a sincere claim of delay and wants to put it forward, he should say that. It's that simple. And that's what happened in Knight and Brayden. They were actually, they actually wanted a trial. That was the claim. That's never been the claim here. But to what extent should the court that's hearing these requests for continuance have some obligation to say, okay, enough is enough? And I know we should give due deference and comedy to the state court proceedings, but isn't there some obligation there where the court cannot just indefinitely grant these continuances, right? I think there is. Where that lies, I don't know. I don't know whether any grounds have been stated for these continuances. Nevertheless, the record is, as you've seen, is silent. Has the state opposed the continuances? With few exceptions, no. Counsel, you're substantially over time, so if there's nothing further? Thank you. Thank you. Madam Clerk, could you put three minutes on the clock, please? Counsel, is it, this is very important to know, is it correct that these continuances have been requested by Mr. Page? I'm not aware of, I'm not aware of if that's true or not. Based on what Mr. Ott represented, he heard from the district attorney. The district attorney told him what happened, and he's representing it here. I don't have any reason . . . It would be a sea change in your briefing, Counsel. It would be a sea change in your briefing if Mr. Page is requesting these, so we need to know that. Could I ask you, what about the other representation is that the defense counsel declined to provide a declaration when Judge Alsop asked one? Going to the reason for the request? So, I'm familiar with the other case. I'm not nearly as familiar with it as I am this one. I have read the declaration in response to Judge Alsop's order. Basically, the defense counsel simply said, I'm in vogue, you know, I can't disclose anything about this based on attorney-client privilege. So that was . . . But how can you file a brief to us saying that he should get this hearing and this delay is unreasonable if he is requesting the hearing, requesting the delay in the hearing? Well, Your Honor, I still have no basis to believe that he is requesting those continuances. We have the superior court minutes in front of us. That's what we're basing the argument off of. That's the records . . . Have you talked to your client? We reached out to the public defender representing the client to get the records as far as any conversations that we may or may not have had with that attorney or the client. I'm really not comfortable discussing . . . I'm not asking about the content. I ask whether you've been in communication with your client. Well, I would still not really be comfortable disclosing . . . I'm pretty uncomfortable ruling on this briefing that makes a very strong argument, a very strong suggestion that these continuances have been requested by the state. So we're going to need to know that, counsel. I guess I would have . . . And Judge Alsop clearly wanted to know that. I would have two responses then. One is that to the extent there's a debate over who's responsible for the delay in the superior court proceedings, that would really go to the question before Judge Alsop that Mr. Page presented in the Rule 60 motion, which is that my proceedings are not ongoing. And Judge Alsop could have, had he looked at that issue, could have said, well, let's have the declaration come in and let's actually look at who's responsible for it. But it seems that he just did not review that. Didn't review what? Mr. Page's night argument that the proceedings were not really ongoing. There's no indication in the Rule 60 . . . It sounds like Judge Alsop requested declarations about why all of these continuances. It sounds like he went straight to that point. If I'm misunderstanding, please correct me. Absolutely. That happened in a different case. Well, it's the same issue with the same person. It's the same judge. Everything's the same. It sounds like it's entirely parallel. Well, this Court could take judicial notice of what's going on in that other case. We've asked the Court to take judicial notice of the superior court records. The one thing I'll say about the declaration is that I know that for at least some of the hearings, the district attorney said when his records did not show notes about which party requested the continuance, he assumed it was done at the request of Mr. Page's counsel. So I do think that it's not entirely clear, even from the declaration, who's really responsible. Because for at least some of the hearings, it seems the district attorney didn't have notes. And really, none of this is in the record for this case. It's being developed in ongoing district court proceeding. It seems that a remand to judge also to address this question would be the best way to find out who's responsible for this. Because all we have is the superior court minutes. You're over time. Any further questions? Good. Thank you. Thank you. Thank you all.
judges: Lemelle, Christen, Friedland